J-A13001-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH RYAN GLAAB | : | |
| | : | |
| Appellant | : | No. 588 WDA 2017 |

Appeal from the Judgment of Sentence March 20, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0012166-2016

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                        FILED SEPTEMBER 12, 2018

Appellant, Joseph Ryan Glaab, appeals his judgment of sentence entered on March 20, 2017 in the Criminal Division of the Court of Common Pleas of Allegheny County.  We affirm.

This case proceeded to a non-jury trial based upon stipulated facts as set forth in the affidavit of probable cause. The trial court summarized those facts as follows:

> Essentially, [Appellant] was a tenant [in] an apartment owned by Paul Paulick.  Due to various problems Mr. Paulick [had with Appellant], Mr. Paulick [] evicted [Appellant from the dwelling]. After [Appellant] vacated the apartment, Mr. Paulick went to the apartment to check [its] condition[.]  Upon [entry,] he observed substantial damage to the apartment including, but not limited to, graffiti on the walls, holes in the walls, missing and destroyed ceiling fixtures, spray-painted walls and light switches, destroyed bathroom fixtures, broken screens, a destroyed counter top, destroyed furniture, missing doors and syrup all over the carpets and ceiling.  Mr. Paulick telephoned [Appellant] on that same date and [Appellant] stated to Mr. Paulick "How do you like the

apartment". The total monetary damage to the apartment exceeded $7,000.[00.] Based on this evidence, th[e trial c]ourt convicted [Appellant of one count of criminal mischief pursuant to 18 Pa.C.S.A. § 3304(a)(4) and sentenced him to three years' probation. This timely appeal followed.]

Trial Court Opinion, 12/20/17, at 1-2.

On appeal, Appellant claims that the evidence was insufficient to sustain his conviction for criminal mischief. Specifically, he contends that, although the Commonwealth demonstrated his presence and access to the rental unit, it failed to prove that he defaced the premises. We disagree.

Appellant's claim challenges the sufficiency of the evidence adduced by the Commonwealth to prove his commission of an offense.[1] Our standard of review in considering sufficiency challenges is well settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime

_____

[1] Because Appellant's claim challenges the sufficiency of the evidence offered to prove that he perpetrated the offense sub judice, we need not discuss the precise elements of the crime. We simply note that § 3304(a)(4) defines criminal mischief as "[intentional defacement or other damage] to tangible public property or tangible property of another with graffiti by use of any aerosol spray-paint can, broad-tipped indelible marker or similar marking device[.]" 18 Pa.C.S.A. § 3304(a)(4).

beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Although a conviction must be based on more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty.

Commonwealth v. Brockman, 167 A.3d 29, 38 (Pa. Super. 2017) (quotation omitted), appeal denied, 176 A.3d 235 (Pa. 2017).

The trial court offered the following explanation for finding that Appellant committed criminal mischief in the instant case.

The evidence set forth in the [a]ffidavit of [p]robable cause established that [Appellant] was the tenant of the apartment that [sustained] the extensive damage recited above. It was clear that [Appellant] was involuntarily evicted from the apartment and after being evicted, [Appellant] made a smug comment to Mr. Paulick about the condition of the [rental unit. The trial court believed] that this evidence was sufficient to demonstrate that [Appellant] had control over the apartment at the time the damage occurred and his comments about the damage to the apartment constituted sufficient circumstantial evidence that [Appellant] knew of the damage before he left the apartment and also caused the damage. [Appellant's] control of the apartment and his knowledge of the damage to [it] render [Appellant's] sufficiency claim baseless.

Trial Court Opinion, 12/20/17, at 4.

We concur in the trial court's assessment. The thrust of Appellant's contention is that the Commonwealth's proof, as stipulated in the affidavit of probable cause, failed to show beyond a reasonable doubt that he committed

criminal mischief in defacing Mr. Paulick's rental unit. Specifically, he maintains that the evidence did not exclude the possibility that any one or more of the three apartment residents could have caused the damage. See Appellant's Brief at 13. Alternatively, Appellant asserts that the evidence did not preclude the possibility that some unknown individual entered and damaged the rental unit between the time of eviction and the time that Mr. Paulick discovered the damage. See id. Contrary to Appellant's contentions, however, our standard of review does not require the Commonwealth to dispel every possibility of innocence. Indeed, the fact-finder is entitled to resolve all doubts about Appellant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. Here, the trial court relied upon Appellant's remark to Mr. Paulick to infer that Appellant had both access to the rental unit and knowledge of its damaged condition. Appellant's participation in causing the damage was reasonably inferred from his early awareness of the condition of the premises, which was his taunt conveyed to Mr. Paulick. In view of the combined circumstances present in this case – i.e. Appellant's access to the apartment, his awareness of its damaged condition, and his motive to damage the property in response to his recent eviction – we perceive no error in the trial court's decision to find Appellant guilty of criminal mischief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/12/2018</u>